IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**PATRICIA DARDEN,**

        **Petitioner,**

v.                                             **Case No. 1:15-cv-07691**

**BARBARA RICKARD, Warden,**
**Federal Prison Camp Alderson;**
**TAMMY CAPALDO, Unit Manager,**

        **Respondents.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On June 15, 2015, Petitioner Patricia Darden ("Darden"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Because Petitioner's release from custody renders her petition moot, the undersigned respectfully **RECOMMENDS** that the District Court **DISMISS** the Petition for a Writ of Habeas Corpus and remove this matter from the docket of the Court.

**I.  Relevant History**

Darden was convicted of a drug trafficking charge in the United States District Court for the Eastern District of Virginia in February 2004 and was sentenced to a term of imprisonment of 262 months. (ECF No. 2 at 8). At the time she filed her petition under Section 2241, Darden was incarcerated at the Federal Prison Camp in Alderson, West Virginia. According to Darden, her sentence was subsequently reduced, making her eligible

for home detention in February 2015. (*Id.* at 4). Thereafter, Darden was advised by her unit manager at FPC Alderson that she would be released to home confinement on May 28, 2015; however, that date came and went without her release. Darden alleged that her release to home confinement was being delayed due to her disability of blindness. She claimed that the warden of FPC Alderson was discriminating against her based upon a disability and was violating her due process rights by keeping her incarcerated. (ECF No. 1 at 7-8). For relief, Darden requested that she be immediately released to home confinement.

On August 21, 2015, the Court issued a show cause order granting Respondents sixty days in which to answer the petition and show cause why the relief requested should not be granted. (ECF No. 6). On October 20, 2015, Respondents answered the Court's show cause order, advising that petitioner had been released from federal custody on August 10, 2015, and arguing that the petition for a writ of habeas corpus was moot. (ECF No. 8). According to the Bureau of Prisons website, Darden was indeed released from custody in August 2015.[1] She left no forwarding address.

## II. Discussion

A prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir.

---

[1] See www.bop.gov/inmateloc/

1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Therefore, when a prisoner files a habeas corpus petition seeking relief from a conviction or sentence, his release from custody may render his petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)). For example:

> [w]here the criminal conviction … results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)).

In this case, neither exception applies. Darden does not challenge her conviction; rather, she claims that she has served her time at FCP Alderson and is entitled to immediate release. Where the petitioner elects only to challenge the execution of her sentence and not the validity of the conviction, collateral consequences are irrelevant. Consequently, Darden's release from FCP Alderson moots the petition. *Lane v. Williams,* 455 U.S. 624, 631, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). Similarly, the capable of repetition, but evading review exception is inapplicable here because Darden received the relief she requested. There is no reasonable probability that Darden will be returned to FPC Alderson and have her release to home confinement on her original sentence be delayed in the same manner as was alleged in her petition. Mere conjecture that Darden could be returned to the prison facility and again face the same alleged wrong is insufficient to meet the mootness exception.

For these reasons, the undersigned **FINDS** that (1) Petitioner's release from FPC Alderson renders her petition for habeas corpus relief moot and (2) neither exception to the mootness doctrine applies in this case.

### III. Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1.  Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED**; and
2.  This case be removed from the Court's docket.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days

(filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:** November 18, 2015

Cheryl A. Eifert
United States Magistrate Judge